Rohn, J.
All the questions in this case arise on the demurrer of the defendant village (now city) to the third amended petition of the plaintiff in the court below. By this proceeding in error in this court the plaintiff seeks a reversal of the judgment of the court of common pleas in sustaining *25 the demurrer to his third amended petition, and dismissing the same. Upon the sufficiency or insufficiency of the third amended petition of the plaintiff below depends the proper determination of all the questions involved, and, also, the question whether the ruling of the court below in sustaining the demurrer of the defendant village and dismissing the petition was proper.
This third amended petition of the plaintiff, alleges a claim against the village (now city) of Bellefóntaine in the nature of an account stated, in the sum of 12588.25; also a claim in the nature of an open account :'n the further sum of $1656.59. The plaintiff in his third amended petition sets forth in detail that the defendant, the village (now city) of Bellefóntaine, from the 12th day of June, 1892, was and still is the owner of Gas Works, erected by the said village under the provisions of sec. 2486, Revised Statutes, which Gas Works have, during all said time and down to the date of filing the petition in this case, been managed, conducted and controlled by a Board of Trustees, as provided in sec’s. .2487, 2488, and 2489 of the Revised Statutes;' and that the two accounts (stated and open) were for materials and labor furnished by one Joseph Askins through the legally constituted Board of Trustees of Gas Works of said village, to the defendant village (now city) of Bellefóntaine, for the use and maintenance of its Gas Works, under a contract with said Trustees of Gas Works.
The plaintiff in this case sues as the assignee of the two accounts above mentioned.
The petition is silent as to what, if any, authority the the Board of Trustees of GasWorks had from the village council, by ordinance or otherwise, to enter into any contracts binding upon the village; and is, also, silent as to the fact whether or not, at the time such contracts were made, the .necessary money required for the contracts, was certified by *26 the clerk to be in the village treasury to the credit of the fund from which it was to be drawn, and was not’appropriated for any other purpose.
Now, the main question is, had the Gas Trustees of the village power to make contracts, and, if so, to what extent, to bind the village to the performance thereof.
Of course, it is no more than necessary to add that if the Gas Trustees had no power or authority to make contracts and bind the village, it would follow that they had no power to state an account, or an amount to be paid.
The only power cities or villages, or boards of such cities or villages have to make contracts, and be held to their performance, is purely and solely by statute.
In this case sec. 2486, Rev. Stats, provides that “The council of any city or village shall have power, whenever it may be deemed expedient and for the public good, to erect gas works at the expense of the corporation, or to purchase gas works already erected therein.” In such case, when the council acts under sec. 2486, sec. 2487 provides for the appointment of a Board of Trustees of not more than five and not less than three, “which shall construct said gas works according to plans and specifications to be furnished by the council, etc.”; and shall serve until their successors are elected and qualified as provided in the next succeeding section.
Section 2489 provides that the board may construct gas works, extend gas pipes, manufacture and sell gas and coke, collect gas bills and other moneys due for gas, coke or other material sold by it; manage, conduct and control the gas works * * *, under such rules and regulations as, by ordinance, the council may prescribe” etc.
It will thus be seen that the Board of Gas Trustees are in the first instance the creatures of the council of the city or village, after the city or village determined that it was expedient and for the public good to have gas works. And *27 further, having created this board, it can only legally operate under such rules and regulations of the council, as it, by ordinance, may prescribe. In.other words, the Board of Trustees is the creature of council, and its operations are regulated by ordinance of the council. It would then follow that the trustees could not legally make or enter into a contract for the purchase of materials etc., for the construction, or in fact management, of gas works without the power delegated to it from the council by ordinance, under such rules and regulations as may be prescribed. The trustees operate under the authority delegated to them by the council or ordinance, and are accountable to the council for all their doings, and further must make monthly reports to the council. It is to be presumed that the trustees act within the scope of their'authority; but if they do not, they can no more bind the city or village for whom they are acting, than an entire stranger to the corporation.
In this instance it does not appear by the petition that the Board of Gas Trustees had any power or authority, by ordinance or otherwise, from the village council, which in the first instance created such board, to make or enter into any contract for the purchase of the materials and labor set forth in the petition.
■ This is a condition precedent to the right of the board to act or make contracts that would bind the city or village to the performance thereof: and in such case it would be as essential to a recovery to allege such power or authority, as to allege th'at the contract was made and entered into with such Board as the agent of the village or corporation.
Then again, had the Board of Gas Trustees, by virtue of the authority of an ordinance of the village council, power to make and enter into a contract for the purchase of material and labor (except perhaps the necessary running expenses of the plant), it would not, and in fact could not, *28 have any power superior to the body that created it, and make contracts binding on the village, which the village council could not itself legally make for want of funds in the treasury, or a certificate from the proper officer to the effect that the same is in the treasury unexpended. This, under sec. 2702 Rev. Stat., also, is a condition precedent to the right or authority of the council of any city or village, or board as in this case, to make or enter into a contract involving the expenditure of money, and is as essential to be pleaded as any other fact necessary to be proved.
Howenstine, Huston & Miller, for Plaintiff.
West & West, for Defendant.
It is said that the enforcement of these statutes often involves a hardship against innocent parties who have parted with their materials and labor on the faith that the same will be paid for, etc. This may be true in some cases, but the court has nothing left for it to do but construe the law as it finds it. It is evident that these provisions of the statute were made for the protection of the general public, placing a safe-guard against the reckless expenditure of money by the councils of cities and villages, or the entering into contracts binding the corporation. To tear down these statutes by the court would open the doors to the councils of many cities and villages to make contracts and bind their respective corporations to the injury of the general public far more than the injury complained of by plaintiff. Such being the case no line can be drawn, but the statute, if good at all, must be, and should be, upheld in every particular.
All we eamsay is that all persons dealing with bodies, boards or corporations.having limited powers or jurisdiction, are bound to know the extent of such power or authority, and can not plead a want of knowledge on their part as a remedy for any injury they might receive.
It follows that the judgment of the court below will be affirmed.
Judge Price dissents.